**FILED**

July 05, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____  **JU**

DEPUTY

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUBEN ALVINO CANO, | § | |
| TDCJ No. 01202626, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Lead Case:  Civil No. SA-22-CV-0231-OLG |
| | § | Civil No. SA-22-CV-0254-OLG |
| BOBBY LUMPKIN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| *Respondent*. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are *pro se* Petitioner Ruben Alvino Cano's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) and supplemental memorandum in support (Dkt. No. 2), Respondent Bobby Lumpkin's Answer (Dkt. No. 12), and Petitioner's Reply (Dkt. No. 17) thereto.  In his § 2254 petition and accompanying memorandum in support, Petitioner challenges the constitutionality of his 2003 state court conviction for sexual assault of a child by raising numerous claims for relief.  In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1).  Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

**BACKGROUND**

In October 2003, Petitioner was convicted by a Bexar County jury of sexual assault of a child and, as a repeat offender, was sentenced to life imprisonment. *State v. Cano*, No. 2002CR7768 (186th Dist. Ct., Bexar Cnty., Tex. Oct. 17, 2003); (Dkt. No. 13-7 at 87–88). Petitioner's conviction was affirmed on direct appeal in an unpublished opinion and his petition for discretionary review ("PDR") was later refused by the Texas Court of Criminal Appeals on February 2, 2005. *Cano v. State*, No. 04-04-00011-CR, 2004 WL 2289665 (Tex. App.—San Antonio, Oct. 13, 2004, pet. ref'd); (Dkt. No. 13-1); *Cano v. State*, No. PD-1807-04 (Tex. Crim. App.).[1]

Petitioner also challenged the constitutionality of his state court conviction in two different state habeas corpus applications. The first, filed in January 2004, was dismissed by the Texas Court of Criminal Appeals because Petitioner's direct appeal was still pending. *Ex parte Cano*, No. 59,258-01 (Tex. Crim. App.); (Dkt. No. 13-16). Petitioner waited until January 2021 to file his second state habeas application, which the Texas Court of Criminal Appeals ultimately denied without written order on June 9, 2021. *Ex parte Cano*, No. 59,258-02 (Tex. Crim. App.); (Dkt. Nos. 13-17; 13-22 at 4–19). Thereafter, Petitioner placed the instant federal habeas petition in the prison mail system on February 20, 2022. (Dkt. No. 1 at 15).

**TIMELINESS ANALYSIS**

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

---

[1]   *See also* Search for "Cano, Ruben," http://www.search.txcourts.gov (last visited June 29, 2022).

judgment of a State court.  The limitation period shall run from the
latest of—

> (A) the date on which the judgment became final by the conclusion
> of direct review or the expiration of the time for seeking
> such review.

In this case, Petitioner's conviction became final May 3, 2005, ninety days after the
Texas Court of Criminal Appeals refused his PDR and when the time for filing a petition for writ
of certiorari to the United States Supreme Court expired.  *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192
F.3d 510, 513 (5th Cir. 1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a
certiorari petition in determining the finality of a conviction on direct review").  As a result, the
limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying
state conviction expired one year later on May 3, 2006.  Because Petitioner did not file his
§ 2254 petition until February 20, 2022—almost sixteen years after the limitations period
expired—his petition is barred by the one-year statute of limitations unless it is subject to either
statutory or equitable tolling.

## I.   **Statutory Tolling**

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C.
§ 2244(d)(1).  There has been no showing under § 2244(d)(1)(B) that an impediment created by
the state government which violated the Constitution or federal law prevented Petitioner from
filing a timely petition.  There has also been no showing of a newly recognized constitutional
right upon which the petition is based, and there is no indication that the claims could not have
been discovered earlier through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(C)–(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).
Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State
post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection."   While Petitioner challenged the instant conviction and sentence by filing his second application for state post-conviction relief in January 2021, Petitioner's limitations period for filing a federal petition had already expired several years before in May 2006.   Because it was filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, the state habeas application does not toll the one-year limitations period.[2]   *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).   As such, the instant § 2254 petition is still almost sixteen years late.

## B.      Equitable Tolling

In some cases, the limitations period may be subject to equitable tolling.   The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."   *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010).   Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights."   *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner fails to establish that equitable tolling should apply in this case.   Even with the benefit of liberal construction, Petitioner has provided no reasonable justification to this Court

---

[2]   Petitioner's first state application, which was dismissed by the Texas Court of Criminal Appeals in August 2004 because Petitioner's direct appeal was still pending, also does not operate to toll the limitations period because it was dismissed before the limitations period began.   The application was also improperly filed and thus has no effect on the one-year limitations period.   *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.").

for the application of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365–66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316–17 (5th Cir. 2013) (garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of the allegations raised in Petitioner's § 2254 petition concern the constitutionality of what happened before or during his October 2003 state court conviction for sexual assault of a child, yet Petitioner did not submit his state habeas corpus application challenging this conviction until January 2021, almost sixteen years after his PDR had been denied by the Texas Court of Criminal Appeals.  This delay alone weighs against a finding of diligence.  *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application).  Petitioner also fails to explain why he waited another eight months after the Texas Court of Criminal Appeals denied his state habeas application in June 2021 before filing the instant federal petition in this Court.

Consequently, because Petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

## CERTIFICATE OF APPEALABILITY

The Court must now determine whether to issue a certificate of appealability ("COA"). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller-El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citing 28 U.S.C. § 2253(c)(1)).  A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The

Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits:  The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Gonzalez v. Thaler*, 565 U.S. 134, 140–41 (2012) (citing *Slack,* 529 U.S. at 484)  In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason*,* but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument.  *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  The one-year statute of limitations found in the AEDPA has been in place since 1996, yet Petitioner provided no reasonable justification for missing the filing deadline by nearly sixteen years.  Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether Petitioner was entitled to federal habeas relief.  As such, a COA will not issue.

## CONCLUSION AND ORDER

After careful consideration, the Court concludes that Petitioner is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1.      Federal habeas corpus relief is **DENIED** and Petitioner Ruben Alvino Cano's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2.      No Certificate of Appealability shall issue in this case; and

3.      All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is **SO ORDERED**.

**SIGNED** this  5th  day of July, 2022.

_____
ORLANDO L. GARCIA
Chief United States District Judge